McBRIDE, Justice
(dissenting).
The prevailing opinion states that the fundamental question posed for the court’s consideration is whether the sale was simulated. I do not believe that simulation vel non should be considered for the reason that the Collector of Revenue, the creditor, has not raised the question and the other defendant in the mandamus proceeding, the Recorder of Mortgages for the Parish of Orleans, had not the right to> do so, for the simple reason he has no interest in the matter. I concede that a simulated or pretended act is entirely without effect and may be disregarded or collaterally attacked by any interested person. No interested person has attacked the verity of the sale involved in this case.
The fundamental question involved, to my mind, is whether a judicial mortgage recorded at 11:30 a. m., February 14, 1949, affected property which was sold by the judgment creditor on February 14, 1949. In other words, which of the transactions is to be given priority by the court. The good or bad faiih of relator is immaterial.
Prior to the advent of Act No. 215 of 1910 (now LSA-R.S. 9:5141), by the terms of LSA-C.C. art. 3358, the creditors, whose mortgage inscriptions have been made on the same day, possessed a concurrent mortgage, and no distinction was made between an inscription made in the morning and that made in the evening even though the recording officer may have noted the difference.
However, Act 215 of 1910, LSA-R.S. 9:5141, had the effect of repealing LSA-C.C. art. 3358, and said section provides thus:
“All acts or instruments of writing which import mortgage or privilege, when filed for record with the recorder of mortgages, shall be immediately indorsed by him with the date, hour, and minute of filing which indorsement shall be recorded with the registry of the instrument.
“All such instruments shall be effective against all persons from the time of their filing.”
I can find no statutory law or jurisprudence as to the priority which should be given acts of conveyance which may have been registered in the Conveyance Books in the Parish of Orleans on the one day or as between a mortgage and a conveyance which were recorded on the same date.
LSA-C.C. arts. 2254, 2262, 2264, and 2266 found in that section of the Code entitled “Of registry” provide when the registry of a deed is effective as to third persons.
LSA-C.C. art. 2254:
“It shall be the duty of the recorder to indorse on the back of each act deposited with him the time it was received by him, and to record the same without delay in the order in which they were received; and such acts shall have effect against third persons only from the date of their being deposited in the office of the parish recorders.”
LSA-C.C. art. 2262:
“In the parish of Orleans, acts, whether they are passed before a notary public or otherwise, shall have no effect against third persons, but from the date of their being deposited in the office of the register of conveyances.”
LSA-C.C. art. 2264:
“No notarial act concerning immovable property shall have any effect against third persons, until the same shall have been deposited in the office of the parish recorder, or register of conveyances of the parish where such immovable property is situated.”
LSA-C.C. art. 2266:
“All sales, contracts and judgments affecting immovable property, which *705 shall not he so recorded, shall be utterly null and void, except between the parties thereto. The recording may be made at any time, but shall only affect third persons from the time of the recording.
“The recording shall have effect from the time when the act is deposited in the proper office, and indorsed by the proper officer.”
The use of the words “to register,” “to record,” and “to deposit” were used indifferently by the Legislature as if those words were synonymous. It also seems to be clear that the provisions of LSA-C.C. arts. 2254 and 2264 apply to- the parishes outside of Orleans; arts. 2262 and 2266 apply to registry in the Parish of Orleans. See Schneidau v. New Orleans Land Co., 132 La. 264, 61 So. 225.
LSA-C.C. art. 2266 explicitly provides that the recording may be made at any time but shall only affect third persons from the time of recording.
I do not believe that hours or parts of days are to be considered when computing the effectiveness of the registry of a conveyance in Orleans Parish, and that when the act of sale involved in this suit was recorded on February 14, 1949, it had effect as to third persons from that date, that is to say from the beginning of February 14, 1949. On the other hand, we know that the judicial mortgage was recorded at 11:30 a. m., on February 14, 1949, and was therefore effective only for a portion of that day. Under the statutory law as it now stands the sale made by the W. E. T. Realty Co., Inc., which was recorded on February 14, 1949, regardless of the time the act was recorded on that particular day, should be considered as having been made free and clear of the judicial mortgage. True my position is arbitrary, but the question must be decided solely from an arbitrary standpoint.
I do not agree that it was incumbent upon the relator to make proof that the act of sale was deposited in the Conveyance Office before 11:30 a. m. of the day in question, as that would have entailed the reception of testimonial proof because the Register of Conveyances did not stamp upon the act the exact hour and minute at which it was deposited in his office for registry, and even if he had done so such notation would have been of no effect as the law does not require this be done. The rule is that parol evidence is inadmissible to prove or affect title to real estate. To admit such evidence to show when the act became effective as to third persons would' do violence to that rule.
I believe that the relator is entitled to the relief he seeks and therefore respectfully dissent.